UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────────

TERRENCE ARTHUR TILLACK,

                                  Plaintiff,

                                                                            Case # 15-CV-6306-FPG

v.

                                                                            DECISION & ORDER

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF
SOCIAL SECURITY,

                                  Defendant.
───────────────────────────────────────────

## INTRODUCTION

Plaintiff Terrence Tillack ("Plaintiff") brings this action to challenge the final decision of the Acting Commissioner of Social Security ("the Commissioner") denying Plaintiff's application for disability insurance benefits ("DIB") under Title II of the Social Security Act ("the Act"). ECF No. 1. The Court has jurisdiction over this matter under 42 U.S.C. § 405(g).

Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. ECF Nos. 10, 14. For the reasons stated below, Plaintiff's motion (ECF No. 10) is GRANTED, the Commissioner's motion (ECF No. 14) is DENIED, and this matter is REMANDED for further administrative proceedings.

## BACKGROUND

On February 3, 2012, Plaintiff protectively filed an application for DIB under the Act. ECF No. 10-1, at 1; ECF No. 14-1, at 2. Plaintiff alleges disability since October 10, 2010 due to schizophrenia, a heart condition, overactive thyroid, high cholesterol, and high blood pressure. Tr.[1] 222. After Plaintiff's application was denied at the initial level, a hearing was held before Administrative Law Judge Brian Kane ("the ALJ") on June 14, 2013. Tr. 55-73. On July 2,

---

[1]    References to "Tr." are to the administrative record in this matter.

2013, the ALJ issued a decision finding that Plaintiff is not disabled within the meaning of the Act. Tr. 83-92. However, in an order dated July 8, 2014, the Appeals Council granted Plaintiff's request for review and remanded the case back to the ALJ for further proceedings. Tr. 94-95. Among other things, the Appeals Council directed the ALJ to complete the record by obtaining additional evidence concerning Plaintiff's schizophrenia. Tr. 95.

On December 5, 2014, Plaintiff appeared and testified at a second hearing before the ALJ. Tr. 30-54. On December 19, 2014, the ALJ issued a second decision finding that Plaintiff is not disabled within the meaning of the Act. Tr. 16-24. That decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on March 25, 2015. Tr. 1-3. Plaintiff then filed this civil action. ECF No. 1.

## LEGAL STANDARDS

**I.      Disability Determination**

The Act defines "disability" as "the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d). Social Security Administration ("SSA") regulations outline the five-step process used to determine whether a claimant is "disabled" under the Act. 20 C.F.R. § 404.1520.

First, the ALJ must determine whether the claimant is engaged in any substantial gainful work activity. 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. *Id.* If not, the ALJ proceeds to step two and determines whether the claimant has a "severe" impairment or combination of impairments. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the claimant is not disabled. *Id.* If the claimant does, the analysis proceeds to step three.

At step three, the ALJ must determine whether the claimant has an impairment (or combination of impairments) that meets or medically equals one of the conditions listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("the Listings"). If the impairment does meet or equal a condition in the Listings and the durational requirement (20 C.F.R. § 404.1509) is satisfied, then the claimant is disabled. 20 C.F.R. § 404.1520(d). If it does not, the ALJ will make a finding regarding the claimant's residual functional capacity ("RFC"), which is an assessment of what the claimant can still do despite his or her limitations. 20 C.F.R. § 404.1545(a)(1). The RFC is then used at steps four and five. 20 C.F.R. § 404.1520(e).

The fourth inquiry is whether, given the claimant's RFC, the claimant can still perform his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform his or her past relevant work, the claimant is not disabled. *Id.* If he or she cannot, the ALJ proceeds to step five.

At the fifth and final step, the ALJ must consider the claimant's RFC as well as his or her age, education, and work experience to determine whether the claimant can make an adjustment to other work for which there are a significant number of jobs in the national economy. 20 C.F.R. § 404.1520(g). If the claimant can make an adjustment to other work, then the claimant is not disabled. *Id.* If the claimant cannot make that adjustment, then the claimant is disabled. *Id.*

The burden of proving the first four elements is on the claimant, and the burden of proving the fifth element is on the Commissioner. *Bush v. Shalala*, 94 F.3d 40, 44-45 (2d Cir. 1996); *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982).

## II.     District Court Review

District Court review of the Commissioner's decision is not *de novo*. *See, e.g.*, *Richardson v. Barnhart*, 443 F. Supp. 2d 411, 416 (W.D.N.Y. 2006) (quoting *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999)). The Commissioner's decision may only be set aside if it is not

supported by "substantial evidence" or is the product of legal error. *See, e.g.*, *Miller v. Colvin*, 85 F. Supp. 3d 742, 749 (W.D.N.Y. 2015); *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (quoting *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000)). Substantial evidence means "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess*, 537 F.3d at 127 (quoting *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004)) (internal quotation marks omitted).

## DISCUSSION

**I.     The ALJ's Decision**

In this case, the ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since December 10, 2010, his alleged onset date. Tr. 18. At step two, the ALJ found that Plaintiff has the following severe impairment: "residual schizophrenia." *Id.* At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals a Listings impairment. Tr. 19-20.

The ALJ then determined Plaintiff's RFC. Tr. 20-23. Specifically, the ALJ found that Plaintiff could "perform the full range of work at all exertional levels but with the following nonexertional limitations: [Plaintiff] can only have occasional interactions with coworkers and the general public." Tr. 20.

At step four, the ALJ found that Plaintiff's RFC allows him to perform his past relevant work as a stock clerk and batch processor. Tr. 23-24. Accordingly, the ALJ found that Plaintiff is not disabled under the Act. Tr. 24.

## II.     Plaintiff's Challenge to the ALJ's Decision

Plaintiff argues that remand is warranted because the ALJ failed to fully develop the record. ECF No. 10-1, at 26-28.[2] The Court agrees.

In light of the "essentially non-adversarial nature of a benefits proceeding," the Commissioner has an affirmative duty to develop the record in disability cases. *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996). Specifically, the Commissioner must develop a claimant's "complete medical history" for at least the 12 months preceding the month in which the claimant filed his or her application. 20 C.F.R. § 404.1512(d). In doing so, the Commissioner must "make every reasonable effort" to help the claimant get medical reports from his or her own medical sources so long as the claimant has permitted the Commissioner to request such reports. *Id.* This affirmative duty to develop the record exists even where the claimant is represented by counsel. *Pratts*, 94 F.3d at 37. If the Commissioner fails to fulfill its duty, remand is warranted. *Id.* at 39. On the other hand, where there are no "obvious gaps" in the record and the ALJ already possesses a "complete medical history," the Commissioner is not obligated to seek additional evidence. *Rosa v. Callahan*, 168 F.3d 72, 79 n.5 (2d Cir. 1999).

Here, the Department of Veterans Affairs ("VA") issued a decision on May 16, 2012 regarding Plaintiff's application for Dependents' Educational Assistance. Tr. 246-255. The VA found that Plaintiff was entitled to a 100% disability rating based on his "Individual Unemployability." Tr. 249. In its decision, the VA specifically listed the evidence that it relied upon, including a February 9, 2012 statement from Plaintiff's treating psychiatrist Thundathil Abraham, M.D. ("Dr. Abraham") and a VA examination dated April 26, 2012. Tr. 254-55. Although the VA decision itself is part of the record, the statement from Dr. Abraham and the VA examination are not.

---

[2] Plaintiff also advances other challenges to the ALJ's decision. *See* ECF No. 10-1. However, the Court declines to reach these arguments because remand is warranted solely on the basis of the ALJ's failure to develop the record.

The ALJ expressly acknowledged that this evidence was missing from the record. Tr. 23 ("Although supporting medical evidence is cited in the award letter it was not included in full."). However, instead of fulfilling his affirmative duty to develop Plaintiff's complete medical history, the ALJ accorded "little weight" to the VA rating and found that it had "very limited evidentiary value because of the lack of supporting evidence." Tr. 23. In other words, the ALJ used a gap in the record to Plaintiff's detriment.

It is important to note that the salient issue here is not how the ALJ treated the VA's decision itself, but how the ALJ treated *the evidence* that supported the VA's decision. The ALJ correctly noted that the VA rating was based on different standards of disability and employability. Tr. 23. Although the ALJ was not bound by the VA's determination, it was improper for him to ignore the evidence that the VA relied upon. 20 C.F.R. § 404.1512(d). Because the ALJ failed to develop Plaintiff's complete medical history despite an obvious gap in the record, remand is warranted.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 10) is GRANTED and the Commissioner's Motion for Judgment on the Pleadings (ECF No. 14) is DENIED. This matter is REMANDED to the Commissioner for further administrative proceedings in accordance with this decision. *See* 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: October 11, 2016
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court