UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TERRANCE ARTHUR TILLACK,

                  Plaintiff,

                                                            Case # 15-CV-6306-FPG

v.

                                                            DECISION AND ORDER

NANCY A. BERRYHILL,[1]
ACTING COMMISSIONER OF SOCIAL SECURITY,

                  Defendant.

## INTRODUCTION

On October 12, 2016, the Court granted Plaintiff's Motion for Judgment on the Pleadings and remanded this case to the Acting Commissioner of Social Security for further administrative proceedings. ECF No. 1. On October 14, 2016, the Clerk of Court entered Judgment in Plaintiff's favor. ECF No. 17. On January 12, 2017, Plaintiff applied for $8,757.95 in attorney fees and $400.00 in costs for 45.2 hours of work pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). ECF No. 18. The Commissioner opposes Plaintiff's motion and argues that the hours expended on this case are "excessive and unreasonable." ECF No. 23 at 2. Plaintiff also requests an additional $1,160.76 for the time he spent replying to the Commissioner's opposition papers. ECF No. 24 at 6-7. For the reasons that follow, Plaintiff's motion (ECF No. 18) is GRANTED.

## DISCUSSION

Pursuant to EAJA, a prevailing party in a Social Security benefits case may be awarded fees payable by the United States if the Government's position in the litigation was not

---

[1]     Nancy A. Berryhill is now the Acting Commissioner of Social Security and is therefore substituted for Carolyn W. Colvin as the defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).

"substantially justified." 28 U.S.C. § 2412(d)(1)(A). EAJA fees are determined by examining the amount of time expended on the litigation and the attorney's hourly rate, which is capped by statute. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); 28 U.S.C. § 2412(d)(2)(A).

"The Court must determine if the hours expended and the rates charged are reasonable," *Ballard v. Astrue*, 485 F. Supp. 2d 290, 291 (W.D.N.Y. 2007) (citations omitted), and the Court has broad discretion to determine what amount of time is "reasonably" expended, *Aston v. Sec'y of Health & Human Servs.*, 808 F.2d 9, 11 (2d Cir. 1986). It is the fee applicant's burden to establish "to the court's satisfaction the reasonableness of the hours expended and rates charged." *Pavia v. Comm'r of Soc. Sec.*, No. 5:10-CV-0818 GTS/DEP, 2013 WL 5652497, at *4 (N.D.N.Y. Oct. 15, 2013).

"The Court has broad discretion to determine the amount of time reasonably expended, but is not required to scrutinize each action taken or the time spent on it when determining what is reasonable." *Mitchell v. Berryhill*, No. 1:14-CV-00418 (MAT), 2017 WL 1047360, at *2 (W.D.N.Y. Mar. 17, 2017) (quotation marks and citation omitted). District courts in the Second Circuit "generally hold that twenty to forty hours is a reasonable expenditure of counsel time for routine social security cases." *Barbour v. Colvin*, 993 F. Supp. 2d 284, 290 (E.D.N.Y. 2014) (collecting cases). Attorney fees above this amount "will be awarded where the facts of the specific case warrant such an award." *Id.* (citations omitted). "Relevant factors to weigh include the size of the administrative record, the complexity of the factual and legal issues involved, counsel's experience, and whether counsel represented the claimant during the administrative proceedings." *Id.* (citation omitted). "[W]hen a case does not rais[e] any extraordinarily difficult or complex legal or factual issues, courts have determined that the hours spent litigating it should

not have exceeded the guideline range." *Rivera v. Astrue*, No. 07-CV-3129, 2009 WL 1351044, at *1 (E.D.N.Y. May 13, 2009) (quotation marks and citation omitted).

Here, the sole issue is whether the fee sought is "reasonable." ECF No. 11 at 2-7. Specifically, the Commissioner asserts that the hours expended in this case are excessive and unreasonable because this case was not complex. ECF No. 23 at 5-8.

The administrative transcript in this case was 1,038 pages, which is larger than what this Court typically sees in a Social Security case.[2] Although the Commissioner points out that the administrative transcript contained duplicate records, the Court agrees with Plaintiff's counsel that he was still required to examine the transcript thoroughly to determine what was relevant and what was duplicative.

Although Plaintiff's Motion for Judgment on the Pleadings (ECF No. 10) did not present complex issues,[3] Plaintiff's memorandum of law was 40 pages long and thoroughly recited the facts and discussed the legal arguments. ECF No. 10. Plaintiff also submitted a detailed 10-page reply brief (ECF No. 15) rebutting the arguments made in the Commissioner's motion.

Additionally, the procedural history of this case is longer and more complex than the average Social Security case. Plaintiff testified at a hearing in 2013 that resulted in an unfavorable decision that the Appeals Council vacated and remanded. Plaintiff testified at a second hearing in 2014 that resulted in another unfavorable decision and ultimately led to the appeal before this Court.

---

[2] Courts in other districts have also noted that a Social Security transcript around 1,000 pages is above average. *See, e.g.*, *Mandrell v. Astrue*, No. 06-cv-612-JPG, 2008 WL 2704894, at *3 (S.D. Ill. July 9, 2008) (describing an 820-page record as "larger than average"); *Ubel v. Colvin*, No. 13-875 (JRT/JJG), 2014 WL 2009051, at *2 (D. Minn. May 16, 2014) (describing an 879-page record as "a little longer than average"); *Elstun v. Comm'r of Soc. Sec.*, No. 6:12-cv-01811-MA, 2014 WL 667587, at *3 (D. Or. Feb. 20, 2014) (describing a 1,208-page record as "above average, but not to an extraordinary extent").

[3] Plaintiff argued that remand was required because: (1) the ALJ's residual functional capacity assessment was not supported by substantial evidence due to the ALJ's failure to develop the record; (2) the ALJ improperly weighed the opinion evidence; and (3) the ALJ's credibility assessment was improper. ECF No. 10-1 at 19-40.

Counsel's request to be compensated for 45.2 hours of work is slightly above the standard 20 to 40 hours, but it is not excessive given the long transcript and thorough briefing that occurred in this case. The Court has reviewed counsel's sworn declaration that sets forth the time he spent representing Plaintiff and finds that his request is reasonable. *See Szefler v. Colvin*, 13-CV-1074, 2017 WL 372050, at *2 (W.D.N.Y. Jan. 26, 2017) (awarding EAJA fees for 46 hours of attorney time); *Banas v. Colvin*, No. 1:13-CV-01066 (MAT), 2016 WL 6805076, at *1-2 (W.D.N.Y. Nov. 16, 2016) (awarding EAJA fees for 48.5 hours of attorney time); *Scott v. Astrue*, 474 F. Supp. 2d 465, 467 (W.D.N.Y. 2007) (awarding EAJA fees for 51 hours of attorney time). The Commissioner also objects to counsel's time entries for administrative and clerical tasks, which add up to approximately one hour. Although district courts sometimes reduce fee awards by excluding "routine clerical matters not requiring any legal expertise," *see, e.g.*, *James v. Colvin*, 66 F. Supp. 3d 365, 367 (W.D.N.Y. 2014), the Court finds that the one hour expended on this case is reasonable.

Plaintiff's counsel asserts that he should be awarded an additional six hours in attorney fees because he had to reply to the Commissioner's opposition to his motion and "will also be required to prepare for and attend oral argument." ECF No. 24 at 6-7. Given counsel's success on the attorney fee motion, the Court finds that he is entitled to additional compensation. *See, e.g.*, *Barbour*, 993 F. Supp. 2d at 292 (finding that 4.3 hours spent on an EAJA reply brief was reasonable); *Pereia v. Astrue*, 739 F. Supp. 2d 267, 272 (E.D.N.Y. 2010) (finding that 6.2 hours spent on an EAJA reply brief was reasonable). However, the Court opts to award counsel three additional hours instead of the six that he requested. Counsel asserted that the reply brief plus preparation for and attending oral argument "has and will result in an additional 6.0 hours of time." ECF No. 24 at 6. Counsel submitted a thorough seven-page reply brief, but the Court did not

conduct oral argument. Thus, Plaintiff's counsel is entitled to an additional $581.28 in attorney fees (three hours at $193.76 per hour[4]).

**CONCLUSION**

Plaintiff's Motion for Attorney Fees (ECF No. 18) is GRANTED. Counsel is awarded $8,757.95 in attorney fees, $581.28 for the reply on this motion, and $400.00 in costs for a total of $9,739.23. The Commissioner shall promptly pay $9,739.23 to Plaintiff's counsel.

IT IS SO ORDERED.

Dated: September 10, 2017
　　　　Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court

---

[4] There is no dispute as to the appropriate hourly rate in this case, which Plaintiff's counsel calculated pursuant to EAJA after adjustment for inflation. ECF No. 18-1 at 4; ECF No. 23 at 5; see 28 U.S.C. § 2412(d)(2)(A).